IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GOCHA TSKHADADZE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-1580 |
| | : | |
| J.L. JAMISON, et al. | : | |

**<u>MEMORANDUM</u>**

**Judge Juan R. Sánchez**                                    **March 13, 2026**

Petitioner Gocha Tskhadadze brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security ("DHS") in the same manner as hundreds of noncitizens within this district and thousands of people around the country.  He argues his mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2), a provision of the Immigration and Nationality Act, is illegal.  Because § 1225(b)(2) does not apply to noncitizens like Tskhadadze who have resided within the United States for years, the Court will grant his petition.

**BACKGROUND**

Gocha Tskhadadze is a noncitizen from Georgia who entered the United States on February 14, 2022.  Pet. Writ Habeas Corpus ¶¶ 2, 17, Dkt. No. 1.  He subsequently filed an asylum application which remains pending.  *Id.* ¶ 3.  His next immigration hearing is currently scheduled for March 23, 2026.  Ex. A, Dkt. No. 1-1 at 3.  Tskhadadze has complied with all DHS conditions and has no criminal convictions.  Pet. Writ Habeas Corpus ¶ 4.  Recently, he was arrested and detained by Immigration and Customs Enforcement agents while attending a scheduled check-in.  *Id.* ¶ 4.  He is currently being detained at the Federal Detention Center in Philadelphia.  *Id.* ¶ 1.

 He then filed the instant habeas petition on March 12, 2026.  The Government responded on March 13, 2026.  It contends Tskhadadze was detained by DHS pursuant to the administration's

new policy to subject all noncitizens who have never been admitted, regardless of whether they were stopped at the border or arrested years later inside the country to mandatory detention without bond under § 1225(b).  Gov't Resp. Opp. Pet. 2-3, Dkt. No. 5; *see also Ndiaye v. Jamison*, No. 25-CV-6007, 2025 WL 3229307, at *2 (E.D. Pa. Nov. 19, 2025) (describing the history of the new policy).  The Government has not provided any other justification for detaining Tskhadadze.

**DISCUSSION**

Tskhadadze argues his detention is illegal because he has been improperly subjected to mandatory detention without bond under § 1225(b)(2) instead of § 1226's discretionary detention.  The Government asserts noncitizens like Tskhadadze are properly detained under § 1225(b)(2).  In many other cases, this Court has already addressed the same issue in nearly identical factual circumstances and ruled against the Government every time.  *See, e.g.*, *Ndiaye*, 2025 WL 3229307, at *2.  In the Eastern District of Pennsylvania, every single district judge who has addressed this issue has also ruled against the Government's position.  *See Ndiaye v. Jamison*, No. CV 25-6007, 2026 WL 373247, at *7 n.10 (Feb. 10, 2026) (collecting cases).  Around the country, some "308 judges have ruled against the [Government]'s mass detention policy" in more than 3,000 cases.  Kyle Cheney, *Hundreds of Judges Reject Trump's Mandatory Detention Policy, With No End in Sight*, Politico (Jan. 5, 2026, 5:55 AM), https://perma.cc/AE6M-LD3L; Kyle Cheney, *How ICE Defies Judges' Orders to Release Detainees, Step by Step*, Politico (Feb. 10, 2026, 5:00 AM), https://perma.cc/G33Y-5AC5.  So based on the Court's previous opinions, the decisions of all the judges who have considered the issue in the district, and the thousands of cases around the country, the Court finds Tskhadadze cannot be detained under § 1225(b)(2).  Tskhadadze's current detention is therefore illegal, and he is entitled to immediate relief.

**CONCLUSION**

Accordingly, the Court will grant Petitioner Tskhadadze's Petition for Writ of Habeas Corpus in full and order his immediate release.[1]

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

[1]    Like in *Ndiaye*, the Government has not offered any rationale for detaining Tskhadadze beyond the mandatory detention provision of § 1225, therefore, this Court will order his immediate release without a bond hearing. *See* 2025 WL 3229307, at *8 & n.5.