IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GOCHA TSKHADADZE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-1580 |
| | : | |
| J.L. JAMISON, et al. | : | |

## **ORDER**

AND NOW, this 13th day of March, 2026, upon consideration of Petitioner Gocha Tskhadadze's Petition for Writ of Habeas Corpus (Dkt. No. 1), the parties briefings, and for the reasons stated in the accompanying Memorandum, it is ORDERED that the Petition (Dkt. No. 1) is GRANTED as follows:

1. Tskhadadze is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

2. The Government shall RELEASE Tskhadadze from custody immediately and shall certify compliance with this Memorandum Opinion and Order by filing on the docket no later than 5:00 P.M. EST on March 14, 2026;

3. In doing so, the Government shall not subject Tskhadadze to any conditions of release including the imposition of any and all GPS monitoring technology or devices that he was not subject to before his current detention.

4. The Government shall return Tskhadadze's personal property that it seized during his arrest and detention including his personal identification and documents;

5. The Government is temporarily enjoined from re-detaining Tskhadadze for seven days following his release from custody;

6. If the Government chooses to pursue re-detention of Tskhadadze after that seven-day period, it must first provide him with a bond hearing, at which a neutral immigration judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

7. Pending the ordered bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Tskhadadze from the Eastern District of Pennsylvania before the ordered bond hearing.  If the immigration judge determines that Tskhadadze is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from me to move Tskhadadze if unforeseen or emergency circumstances arise that require him to be removed from the District.  Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Tskhadadze; and

8. In the event of release after a bond hearing, the Government shall not subject Tskhadadze to conditions of release that are inconsistent with the exact terms as set by the Immigration Judge after the bond hearing, including the imposition of any and all GPS monitoring technology or devices.

It is FURTHER ORDERED that the Clerk of Court, upon receipt of the Government's certification of compliance with this Memorandum Opinion and Order, shall mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

2